NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROMULO ESTUARDO CORONADO-SANCHEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-70206 <br><br> Agency No. A205-156-735 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022**

Before:     SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Romulo Estuardo Coronado-Sanchez, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

In his opening brief, Coronado-Sanchez fails to raise, and therefore waives, any challenge to the agency's determination that he did not establish membership in a cognizable particular social group. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (concluding petitioner waived challenge to issue not specifically raised and argued in his opening brief). Substantial evidence supports the agency's determination that Coronado-Sanchez failed to demonstrate a nexus between the harm he experienced or fears in Guatemala and a protected ground. *See Cruz-Navarro v. I.N.S.*, 232 F.3d 1024, 1030 (9th Cir. 2000) (finding that petitioner failed to link the harm he experienced as a police officer to an imputed political opinion); *Sanjaa v. Sessions*, 863 F.3d 1161, 1163-65 (9th Cir. 2017) (finding no imputed political opinion where a police officer was beaten and threatened because of his role in a drug investigation); *see also Grava v. INS*, 205 F.3d 1177, 1181 n.3 (9th Cir. 2000) ("Purely personal retribution is, of course, not persecution on account of political opinion."). Thus, Coronado-Sanchez's asylum claim fails. We reject as unsupported by the record Coronado-Sanchez's contention that the agency erred in its analysis.

20-70206

We lack jurisdiction to consider Coronado-Sanchez's contentions that he experienced or fears persecution by police officers in Guatemala because he raised them for the first time in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (holding that the court lacks jurisdiction to review claims not presented to the agency).

In his opening brief, Coronado-Sanchez also fails to raise, and therefore waives, any challenge to the agency's denials of withholding of removal and CAT relief. *See Lopez-Vasquez*, 706 F.3d at 1079-80.

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**